WEINSTEIN & RILEY, P.S.
Jerome A. Yelsky, Of Counsel – SBN 75240
12100 Wilshire Blvd, Suite 1100
Los Angeles, CA 90025

Telephone: 310-820-6529
Facsimile: 310- 826-2321

Attorneys for Plaintiffs

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br>PHUONG NGUYEN AND NICK WOLF,<br>6928 Cedar Blvd<br>Newark, CA 94560<br><br>Debtor.<br>FIA CARD SERVICES, N.A. (F.K.A. MBNA AMERICA BANK, N.A.) AND<br>WELLS FARGO BANK, N.A.<br>Plaintiffs,<br>vs.<br>PHUONG NGUYEN,<br><br><br>Defendant. | Chapter 7<br><br>Bankruptcy No. 11-42478 RE<br><br>Adversary Case No.<br><br>COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT U.S.C.<br>§523(a) (2) (A)<br><br>DATE: See Summons |

**COMPLAINT TO DETERMINE
THE DISCHARGEABILITY OF DEBT
AND FOR JUDGMENT**

Plaintiffs, through their attorney, Jerome A Yelsky, Of Counsel, states as follows:

**I. PARTIES AND JURISDICTION**

1. This is an adversary proceeding in bankruptcy brought by FIA Card Services, N.A. (f.k.a. MBNA America Bank, N.A.) and Wells Fargo Bank, N.A. pursuant to 11 U.S.C. § 523.

2. Plaintiffs are foreign corporations licensed to do business in the State of California with all fees and licenses paid, and otherwise is entitled to bring this action.

3. Defendant filed a Chapter 7 bankruptcy petition on 03/08/2011.

4. Jurisdiction is vested in this proceeding pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and 11 U.S.C. §523; this matter is a core proceeding.

5. Plaintiffs are creditors in this bankruptcy proceeding.

## II. CAUSE OF ACTION

6. Plaintiffs re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 4, above.

7. Plaintiffs have attempted to resolve this matter prior to filing this complaint, by contacting the Defendant's attorney.

8. At all times mentioned, Plaintiffs granted to Defendant an extension of credit in the form of credit cards bearing Account Nos. XXXXXXXXXXXX5761, XXXXXXXXXXXXX9978, XXXXXXXXXXXX3489 and XXXXXXXXXXXX0244.

9. Defendant utilized the aforementioned line of credit, creating a balance due and owing on this account of $37,735.66, including interest as of the date the bankruptcy petition was filed.

10. Specifically for account number XXXXXXXXXX5761 with FIA Card Services, N.A. (f.k.a. MBNA America Bank, N.A.) between 02/22/2011 and 03/05/2011 Defendant incurred $2,942.00 in retail charges.

11. $2,942.00 of these transactions were made within the presumption period.

12. Specifically for account number XXXXXXXXXX9978 with FIA Card Services, N.A. (f.k.a. MBNA America Bank, N.A.) between 02/09/2011 and 02/21/2011 Defendant incurred $1,434.00 in retail charges.

13. $1,434.00 of these transactions were made within the presumption period.



14. Specifically for account number XXXXXXXXXX3489 with FIA Card Services, N.A. (f.k.a. MBNA America Bank, N.A.) between 01/13/2011 and 02/12/2011 Defendant incurred $1,235.00 in retail charges.

15. $1,235.00 of these transactions were made within the presumption period.

16. Specifically for account number XXXXXXXXXX0244 with Wells Fargo Bank, N.A. between 10/26/2010 and 02/15/2011 Defendant incurred $1,596.00 in retail charges and $2,330.00 in cash advances and/or convenience check charges.

17. At the time the Defendants incurred charges on their account, they were cognizant of their inability to repay the charges incurred on the line of credit.

18. Pursuant to In re Dougherty 84 B.R. 653 (9th Cir. 1998), Courts may consider twelve factors or the totality of the circumstances to help determine a debtor's state of mind regarding an intention to repay.

19. These factors in Dougherty relevant to this case include:

    (a) the time between the unpaid charges and the bankruptcy filing; the number and amount of charge made;

    (b) the debtor's payment and debt incurrence history;

    (c) whether the charges exceeded the debtor's credit limit;

    (d) whether the debtor incurred multiple charges on the same day;

    (e) whether there was a sudden change in the debtor's buying habit; and

    (f) whether the purchases were made for luxuries or necessities.

20. By obtaining and/or accepting an extension of credit from Plaintiffs and incurring charges on this account, Defendant represented an intention to repay the amounts charged Dougherty 84 B.R. 653 (9th Cir. 1998).

21. Defendant had to be cognizant of the fact that they did not have the ability to repay the debt in full to Plaintiffs or any other credit card issuer.

22. By reason of the foregoing, Defendant obtained money from the Plaintiffs through false pretenses, false representations and actual fraud.

23. Defendant, therefore, had a specific intent to defraud Plaintiffs by accepting the benefits of the cash advances and/or purchases without ever intending to repay the same.

24. Defendant's actions constitute material misrepresentations of the facts.

25. Defendant intended for Plaintiffs to rely on those misrepresentations.

26. Plaintiffs did rely upon Defendant's misrepresentations of repayment and was induced to lend money to Defendant by those misrepresentations.

27. Plaintiffs reasonably relied on Defendant's misrepresentations.

28. Defendant's debt is a "consumer debt", as defined by 11 U.S.C.§ 101(8).

29. As a result of Defendant's conduct, Plaintiffs have suffered damages in the amount of $9,537.00.

30. Upon information and belief, the Defendant, by accessing other lines of credit to make payments on the account, created the illusion that Defendant intended to repay the debts set forth herein; thereby concealing Defendant's insolvency. Citibank (South Dakota), N.A. v Eashai, 87 F.3rd 1082 (9th Circuit 1996).

Pursuant to 11 USC § 523(a)(2), Defendant should not be granted a discharge of this debt to the Plaintiffs as follows:

FIA Card Services, N.A. (f.k.a. MBNA America Bank, N.A.) - $5,611.00

Wells Fargo Bank, N.A. - $3,926.00

### III. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays that this Court grant the following relief:



1. A monetary judgment against Defendant in the amount of $9,537.00, plus accrued interest at the contractual rate from and after 03/08/2011, plus additional interest at the contractual rate, which will continue to accrue until the date of judgment herein;

2. An order determining that such debt is non-dischargeable under 11 USC § 523(a)(2);

3. An order awarding Plaintiffs their attorneys' fees and costs incurred herein; and

4. An order awarding Plaintiffs such additional relief as this Court deems just and equitable.

DATED: May 2, 2011

                        WEINSTEIN & RILEY, PS

By:    /s/ Jerome A Yelsky
        Jerome A. Yelsky, Of Counsel (75240)
        12100 Wilshire Blvd, Suite 1100
        Los Angeles, CA 90025
        Telephone: 310-820-6529